T.C. Memo. 1999-137


UNITED STATES TAX COURT


CARL C. POSTON III and SHEREA A. POSTON, Petitioners
     <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14172-98.                    Filed April 26, 1999.


<u>John L. Green</u>, for petitioners.[1]

<u>Deborah Swann</u> and <u>Derek B. Matta</u>, for respondent.


MEMORANDUM OPINION


     DAWSON, <u>Judge</u>:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

---

[1]  John L. Green filed an entry of appearance for petitioners
after respondent filed the pending motion but before the hearing
in this matter.  Mr. Green did not respond to the pending motion
or otherwise participate in the hearing on this matter.

section 7443A(b)(4) and Rules 180, 181, and 183.[2]  The Court

agrees with and adopts the opinion of the Special Trial Judge,

which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This case is before

the Court on respondent's Motion for Partial Summary Judgment

filed pursuant to Rule 121.  As discussed in greater detail

below, we will grant respondent's motion.

Background

Respondent determined deficiencies in and additions to

petitioners' Federal income taxes for the years and in the

amounts as follows:

| | | Additions and Penalties | | | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6653(b)(1) | Sec. 6663 |
|------|-----------|-----------------|--------------------|--------------------|-----------------|-----------|
| 1987 | $9,921 | --- | $7,441 | 50% of interest on underpayment due to fraud | --- | --- |
| 1988 | 36,492 | --- | --- | --- | $27,369 | --- |
| 1989 | 13,488 | $3,364 | --- | --- | --- | $10,116 |
| 1990 | 28,619 | 7,083 | --- | --- | --- | 21,464 |
| 1991 | 55,391 | 13,749 | --- | --- | --- | 41,543 |
| 1992 | 40,029 | 7,951 | --- | --- | --- | 30,022 |
| 1993 | 87,539 | --- | --- | --- | --- | 65,654 |

Petitioners invoked the Court's jurisdiction by filing a

timely petition for redetermination.  At the time the petition

was filed, petitioners resided in Houston, Texas.

_____

[2]  All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent filed an answer to the petition denying all substantive allegations of fact and error contained in the petition. In addition, respondent made affirmative allegations of fact in support of respondent's determination that petitioners are liable for additions to tax for fraud. Specifically, respondent alleged that petitioners: (1) Failed to file timely income tax returns for the years 1987 through 1992; (2) failed to cooperate with the revenue agent conducting the audit of their tax liability for 1987 through 1993; (3) failed to maintain and/or provide respondent with complete and accurate records concerning their income and expenses; (4) failed to provide the account numbers or bank names for all accounts that they maintained during tax years 1987 through 1993; (5) fraudulently and with the intent to evade the payment of tax understated gross receipts in the amounts of $84,245.08, $166,894.49, $230,670.52, $248,756.27, $359,718.81, $292,114.15, and $453,071.47 for tax years 1987 through 1993, respectively; (6) fraudulently and with the intent to evade the payment of tax failed to report $3,035 and $1,000 of other income received during tax years 1987 and 1992, respectively; (7) fraudulently and with intent to evade the payment of tax claimed false net operating loss carry forwards in the amounts of $19,455, $29,091, $36,439, $38,680, and $99,818 on their income tax returns for 1988 through 1993, respectively;[3]

---

[3] The correct tax years with respect to this allegation are 1988 through 1992.

(8) fraudulently and with intent to evade tax understated their taxable income in the amounts of $54,565, $137,811, $96,049, $135,050, $284,935, $301,132, and $241,608 for the tax years 1987 through 1993, respectively; and (9) fraudulently understated and failed to pay their income tax liabilities in the amounts of $9,921, $36,492, $13,488, $28,619, $55,391, $40,029, and $87,539 for the tax years 1987 through 1993, respectively.

Petitioners failed to file a reply to respondent's answer within the time permitted by Rule 37(a). Respondent moved, pursuant to Rule 37(c), for entry of an order that the undenied allegations in the answer be deemed admitted. The Court gave petitioners notice of respondent's motion and instructed petitioners to file a reply as required by Rule 37(a) and (b). The Court's notice was returned to the Court marked "Unclaimed".

Petitioners did not respond to respondent's motion. Accordingly, the Court granted respondent's motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's answer.

Respondent subsequently filed a Motion for Partial Summary Judgment. Respondent contends that the allegations in the answer that petitioners are deemed to have admitted provide a basis for entry of partial summary judgment sustaining respondent's determination that petitioners are liable for additions to tax for fraud for the years in issue.

The Court issued an order directing petitioners to file a response to respondent's Motion for Partial Summary Judgment and setting the motion for hearing at the Court's motions session in Washington, D.C.  Petitioners did not file a response to respondent's motion.  Shortly before the scheduled hearing, John L. Green filed an entry of appearance for petitioners.

Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion.  No appearance was entered at the hearing by or on petitioners' behalf.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The party opposing the motion cannot rest upon the allegations or denials in the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  "The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a

manner most favorable to the party opposing summary judgment." Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

Respondent determined that petitioners are liable for the additions to tax for fraud, which requires respondent to establish, by clear and convincing evidence, that there is an underpayment of tax and that some portion of that underpayment is due to fraud. See sec. 7454(a); Rule 142(b); DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992).

"Facts deemed admitted pursuant to Rule 37(c) are considered conclusively established and may be relied upon by the government even in relation to issues where the government bears the burden of proof." Baptiste v. Commissioner, 29 F.3d 1533, 1537 (11th Cir. 1994), affg. T.C. Memo. 1992-198; see also Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981) (holding that deemed admissions under Rule 37(c) are sufficient to satisfy the government's burden of proof with respect to the issue of fraud).

"Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing." Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989). Fraud will never be presumed. See Beaver v. Commissioner, 55 T.C. 85, 92 (1970). It may, however, be proved by circumstantial evidence. See Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). Courts have relied on a number of indicia or badges of fraud in deciding whether to sustain the

Commissioner's determinations with respect to the additions to tax for fraud including: (1) Understating income, (2) maintaining inadequate records, (3) failing to cooperate with tax authorities, and (4) failing to make estimated tax payments. See Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).

In the instant case, the deemed admissions pursuant to Rule 37(c) include petitioners' admission to a number of indicia of fraud. Specifically, petitioners are deemed to have admitted that they: (1) Failed to file timely income tax returns for the years 1987 through 1992; (2) failed to cooperate with the revenue agent conducting the audit of their tax liability for 1987 through 1993; (3) failed to maintain and/or provide respondent with complete and accurate records concerning their income and expenses; (4) failed to provide the account numbers or bank names for all accounts that they maintained during tax years 1987 through 1993; (5) fraudulently and with the intent to evade the payment of tax understated gross receipts in the amounts of $84,245.08, $166,894.49, $230,670.52, $248,756.27, $359,718.81, $292,114.15, and $453,071.47 for tax years 1987 through 1993, respectively; (6) fraudulently and with the intent to evade the payment of tax failed to report $3,035 and $1,000 of other income received during tax years 1987 and 1992, respectively; (7) fraudulently and with intent to evade the payment of tax claimed false net operating loss carry forwards in the amounts of $19,455, $29,091, $36,439, $38,680, and $99,818 on their income

tax returns for 1988 through 1992, respectively; (8) fraudulently and with the intent to evade tax understated their taxable income in the amounts of $54,565, $137,811, $96,049, $135,050, $284,935, $301,132, and $241,608 for the tax years 1987 through 1993, respectively; and (9) fraudulently understated and failed to pay their income tax liabilities in the amounts of $9,921, $36,492, $13,488, $28,619, $55,391, $40,029, and $87,539 for the tax years 1987 through 1993, respectively.

Based on the foregoing, we conclude that respondent has satisfied the burden of proving, by clear and convincing evidence, that the entire underpayment of tax for each of the years in issue was due to fraud. Accordingly, we sustain respondent's determination that petitioners are liable for additions to tax for fraud for the years in issue.

To reflect the foregoing,

<u>An order granting Respondent's Motion for Partial Summary Judgment will be issued</u>.